IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER SEVEN
:
ANTHONY T. PATTI, : BANKRUPTCY NO.: 5-03-bk-53860
:
DEBTOR :

# **OPINION**[1]

Presently before the Court is a Motion to Reopen Case to Enforce Discharge as to Unscheduled Claim of Debt, filed by the above-captioned Debtor (Doc. #14). This Motion was met by an Objection filed by William and Tana Colanduoni (Doc. #17). Subsequently, the matter was set for oral argument and briefs were submitted by the parties in both opposition and in support of the Motion to Reopen. For the reasons provided herein, the Court will overrule the objections and grant the Motion to Reopen the Case.

11 U.S.C. § 350(b) provides as follows: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

The parties are in relative agreement as to the procedural background of this case. Sometime in 1991, the Pennsylvania Department of Environmental Protection issued to

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[K:\JJT_Shared\opinions\5-03-bk-53860_Patti.wpd]

the Debtor a tank closure order.[2]  Thereafter, in 1999, the subject lands previously holding the underground storage tanks on commercial property owned by the Debtor were sold to Mr. and Mrs. Gneiting.  The objectors herein, William and Tana Colanduoni, received title to the subject property by deed of Mr. and Mrs. Gneiting in August of 2005.  In between the 1999 and 2005 deeds of the subject property, the Debtor filed a Chapter 7 bankruptcy on August 8, 2003, which case was closed on January 23, 2004.  Prior to and subsequent to the Chapter 7 Petition date of August 8, 2003, the Debtor asserts that he was not aware of any environmental issues relating to the subject property or that there was any claim for environmental damage stemming from the events of 1991 when the Debtor was issued a tank closure order by the Pennsylvania Department of Environmental Protection.

     Despite the Debtor's allegation of ignorance as to any environmental issues on the subject property, he, nonetheless, found himself the respondent in two civil actions filed in the Court of Common Pleas of Northampton County seeking monetary damages from the Debtor and others because of alleged environmental problems with the subject property.  (These complaints were filed to case numbers C-48-CV-2006-6710 and C-0048-CV-2006-7543.)  The record, as presented, is very much confused as to its recitation concerning the causes of action currently pending against the Debtor resulting from the alleged environmental damages.  Whether there is still pending more than one civil action

---

[2] The tanks were underground storage tanks for petroleum products used in the operation of a bus company operated by the Debtor's family.

against the Debtor is unclear from the record. However, the Debtor alleges that, as recently as September of 2008, the objectors did obtain leave to file at least one amended complaint in state court.

Three years after the closing of the bankruptcy, the Debtor filed the instant Motion to Reopen the case. In short, the objector argues that the Motion to Reopen should be denied because of the doctrine of laches and other equitable grounds. Primarily, the objectors argue that the attempt to open a proceeding almost four years after it was closed is, at best, untimely and has severely prejudiced the objectors namely because the Debtor failed to raise the issue of the bankruptcy when the state court litigation was initiated and allowed the objectors to incur substantial fees and costs in the pursuit of that litigation. In regard to the Debtor's assertion that he was unaware of any environmental claims reaching as far back as 1991 on the subject property, is an outstanding, unresolved issue as to when the alleged environmental claim, if any, arose against the Debtor. When claims against the Debtor actually arise has been the subject of many decisions in the Third Circuit namely, *Jones v. Chemetron Corp.*, 212 F.3d 199, 206 (3d Cir.2000); *In re Penn Cent. Transp. Co.*, 71 F.3d 1113 (3d Cir.1995), *cert. denied*, 517 U.S. 1221, 116 S.Ct. 1851, 134 L.Ed.2d 951 (1996); *Schweitzer v. Consolidated Rail Corp.*, 758 F.2d 936, 941 (3d Cir.), *cert. denied*, *1115, (Cite as: 71 F.3d 1113, *1115), 474 U.S. 864, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985); *In re M. Frenville Co.*, 744 F.2d 332 (3d Cir. 1984), *cert. denied*, 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985). The issue as to when a claim or potential claim arose against the Debtor is an issue which a bankruptcy court is

well equipped to resolve. Furthermore, whether the objectors potential claim is one that falls within the parameters of the discharge provisions of the Bankruptcy Code is also an issue suited for bankruptcy court resolution.

Additionally, the Court is unpersuaded, at least at this point, by a claim of prejudice advanced by the objectors because they did not proffer evidence to support that claim. As mentioned above, the Court has sketchy details on the exact procedural posture of the state court proceeding(s) including the cost attendant thereto. Because the Court cannot find prejudice to the objectors, at least on the current state of the record, and the unresolved question as to the time a potential claim may have arisen against the Debtor, the Court finds no reason to deny the Debtor's Motion to Reopen. For these reasons, the Court will overrule the objections filed by the objectors, William and Tana Colanduoni, and grant the Debtor's Motion to Reopen the above-captioned bankruptcy case upon the filing of a motion/complaint seeking appropriate relief within 30 days of the date of this Order or the Motion to Reopen will be denied.

An Order will follow.

Date: February 3, 2009                       BY THE COURT,

_____
John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*